**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM O'DONNELL, | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| MAXIM CRANE WORKS, | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Tim O'Donnell (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Maxim Crane Works (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Levittown, PA.

3. Upon information and belief, Defendant Maxim Crane Works is a crane rental company with a location at 625 Imperial Court, Bensalem, PA 19020 and corporate headquarters located at 1405 W Hanna Avenue, Indianapolis, IN 46217.

4. At all times relevant hereto, Defendants employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants are located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on February 16, 2024, alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2024-03567 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 23, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

### MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1967.

3

21. In or around 2014, Defendant hired Plaintiff in the position of Crane Operator/Operating Engineer.

22. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF WAS INVOLVED IN AN ACCIDENT AT WORK

23. On or around October 27, 2023, Plaintiff was involved in an accident with a car while operating a mobile crane on I-95.

24. No one was injured in the accident.

### PLAINTIFF PASSED THE BREATHALYZER AND URINE DRUG TESTS

25. Immediately, John Castello, Safety Specialist, took Plaintiff for a breathalyzer test and urine test.

26. Plaintiff passed these tests without issue.

### PLAINTIFF REPORTED THE ACCIDENT TO THE OPERATIONS MANAGER WHO DETERMINED THAT IT WAS NOT DUE TO PLAINTIFF'S NEGLIGENCE

27. Plaintiff then went to Defendant's shop.

28. Plaintiff reported the accident to Allen Wenturine, Operations Manager, in person.

29. Wenturine reviewed the video footage from inside the crane showing the accident.

30. Wenturine stated that he did not see any negligent driving on the part of Plaintiff.

### DEFENDANT TERMINATED PLAINTIFF

31. On or around October 29, 2023, Plaintiff worked his entire shift.

32. After his shift, Plaintiff reported to Defendant's shop.

33. Despite his prior review of the accident, Wenturine abruptly terminated Plaintiff.

34. The alleged reason for termination was the accident on October 27, 2023.

35. Plaintiff did not receive any disciplines or warnings prior to his termination.

36. Plaintiff was 56 years old at the time of his termination.

## DEFENDANT DID NOT TERMINATE PLAINTIFF'S YOUNGER COWORKERS FOR ACCIDENTS, EVEN WHEN THEY WERE FOUND TO BE NEGLIGENT

37. Importantly, several of Plaintiff's younger counterparts, including Anthony Reff (40's), had been in crane accidents that were significantly worse.

38. This accident was created by Reff's negligence, as he was talking on the phone while driving the crane.

39. However, Defendant did not terminate Reff for these accidents.

40. Defendant discriminated against Plaintiff due to his age in violation of the ADEA and the PHRA.

41. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff was born in 1967.

44. Plaintiff was qualified to perform the job.

45. Defendant terminated Plaintiff.

46. Defendant treated younger employees more favorably than Plaintiff.

47. Defendant has no legitimate non-discriminatory reason for its actions.

48. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

5

**COUNT II – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

51. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Tim O'Donnell, requests that the Court grant him the following relief against Defendants:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training  programs, policies, practices and programs which

provide equal employment opportunities;

(k)    Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: June 22, 2026    By:   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*